UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AT&T CORP. and ALASCOM, INC. d/b/a AT&T Alascom, Inc.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID W. WALKER, DONALD J. SCHROEDER, and TERRY A. GUNSEL,<br><br>    Defendants. | Case No. C04-5709FDB<br><br>ORDER GRANTING TRUSTEE'S MOTION TO INTERVENE AND BE SUBSTITUTED AS REAL PARTY IN INTEREST FOR CERTAIN CAUSES OF ACTION |

Terrence J. Donahue, Acting Trustee for the Chapter 7 bankruptcy estate of PT Cable, Inc., moves for an order (1) granting the Trustee leave to intervene in this action and substitute in as the real party in interest to prosecute four causes of action asserted herein by the Plaintiff, and (2) granting the Trustee leave to amend the causes of action for which the Trustee is substituted as the real party in interest and to assert new claims against both existing and new defendants. This cause of action has been stayed pending this motion and the Court's action thereon.

The Trustee of the PT Cable Chapter 7 estate has made a sufficient showing that he, as administrator of the bankruptcy estate, is the real party in interest to prosecute the following claims for relief asserted by Plaintiffs AT&T and Alascom:  Third, Breach of Fiduciary Duty; Fifth and

ORDER - 1

Sixth, constructive and actual fraudulent conveyances; and Eighth, illegal dividends. The Trustee has also made a sufficient showing that his intervention is appropriate pursuant to Fed. R. Civ. P. 24(a) as he has a direct interest in transaction that are the subject of this case, and that as to the property involved, that the Trustee has a right o avoid the fraudulent transfers of PT Cable's property, which interest cannot be adequately protected unless the Trustee is allowed to pursue the claims for the benefit of all creditors, not merely for the original plaintiffs herein.

The Trustee also demonstrates that it is appropriate to allow him to make minor amendments by making additional factual averments and adding additional parties, as more fully elaborated in his motion.

Neither AT&T, the original plaintiffs, nor the Defendants herein oppose the Trustee's motion. Defendants, however, requests that the Court enter an order that AT&T lacks standing to assert the Third, Fifth, Sixth, and Eighth claims and that the claims be dismissed as the relief requested in the Defendants March 14, 2005 Motion To Dismiss (Dkt. # 14), which was stayed pending the Trustee's motion to intervene. Defendants also suggest that the stay continue until the Trustee has formally intervened, any additional parties have been joined and any motions to dismiss have been resolved.

The Court agrees with the Trustee that dismissal is unnecessary and inappropriate, as the Trustee has sought to intervene and be substituted as real party in interest (as opposed to filing a separate action) in part, to preserve the ability to have an amended pleading relate back to the date of filing of the original pleading. Upon intervention, the Trustee will be the only party plaintiff entitled to prosecute the Claims in which the Trustee has been substituted.

The Court also agrees that discovery should not be delayed pending the joinder of additional parties and decisions on pending motions to dismiss because discovery may be necessary to identify additional parties and may be appropriate in order to respond to motions to dismiss. The Court, therefore, will request a Joint Status Report of the parties and reschedule matters accordingly.

ORDER - 2

NOW, THEREFORE, IT IS ORDERED:

1. The Motion of Terrence J. Donahue, Trustee for the Chapter 7 bankruptcy estate of PT Cable, Inc., (1) To Intervene And Be Substituted As Real Party In Interest For Certain Causes of Action, and (2) To File A Complaint In Intervention, Amending Certain Causes of Action, Adding Claims and Defendants is GRANTED.

2. Terrence J. Donahue, is granted leave to intervene in this action and is substituted as the real party in interest herein to prosecute the following causes of action asserted by the original plaintiff herein (as the same may be amended by the Trustee's Complaint in Intervention): the Third Claim for Relief (Breach of Fiduciary Duty), the Fifth Claim for Relief (Constructive Fraudulent Conveyances), the Sixth Claim for Relief (Actual Fraudulent Conveyances), and the Eighth Claim for Relief (Illegal Dividends). The Trustee alone has standing to further prosecute the foregoing claims as they may be amended; and

3. The Trustee is granted leave to file a Complaint in Intervention substantially in the form attached as *Exhibit 1* to the Motion, adding some or all of the factual allegations and legal theories, additional causes of action, and additional parties identified in *Exhibit 1* to the Motion.

4. Once the Trustee's Complaint is filed, the Clerk shall request that the parties file a Modified Joint Status Report setting forth the status of motions (indicating joinder, etc.) and addressing other action dates.

DATED this 22nd day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3