UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AT&T CORP. and Alascom, Inc., d/b/a AT&T Alascom, Inc., | |
| Plaintiff, | |
| v. | |
| DAVID W. WALKER, DONALD J. SCHROEDER, and TERRY A. GUNSEL, | |
| Defendant. | |

ORDER - 1

|   |   |
|---|---|
| TERRENCE J. DONAHUE, Trustee for the Chapter 7 Bankruptcy Estate of PT Cable, Inc.,<br><br>Plaintiff-in-Intervention,<br><br>v.<br><br>THE CARLYLE GROUP, L.P. a.k.a. The Carlyle Group; NEPTUNE COMMUNICATIONS, LLC; C/S VENTURE INVESTORS, L.P.; CARLYLE U.S. VENTURE PARTNERS, L.P.; CARLYLE VENTURE PARTNERS, L.P.; CARLYLE VENTURE COINVESTMENT, L.L.C.; NEPTUNE GLOBAL SYSTEMS, LLC (U.S.); DAVID W. WALKER and JANE DOE WALKER; DONALD J. SCHROEDER and JANE DOE SCHROEDER; BROOKE B. COBURN and JANE DOE COBURN; TERRY A. GUNSEL and JANE DOE GUNSEL; WILLIAM E. CONWAY, JR. and JANE DOE CONWAY; RICHARD G. DARMAN and JANE DOE DARMAN; and PETER H. SORENSEN; NEW YORK LIFE INSURANCE COMPANY, a New York mutual insurance company; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, a Delaware corporation; JEFFERSON-PILOT LIFE INSURANCE COMPANY, a North Carolina corporation; JEFFERSON-PILOT FINANCIAL INSURANCE COMPANY, a Nebraska corporation; KANE REECE ASSOCIATES, INC., a New Jersey corporation; and JOHN AND JANE DOES 1-100;<br><br>Defendants-in-Intervention. | Case No. C04-5709FDB<br><br>ORDER GRANTING IN PART MOTION OF INTERVENOR DEFENDANTS CONWAY, DARMAN, COBURN, THE CARLYLE GROUP, L.P., C/S VENTURE INVESTORS, L.P., CARLYLE U.S. VENTURE PARTNERS, L.P., CARLYLE VENTURE PARTNERS, L.P., and CARLYLE VENTURE COINVESTMENT, LLC for NEW RULE 16 CONFERENCE and FOR AMENDED SCHEDULING ORDER |

Intervenor Defendants Conway, Darman, Coburn, the Carlyle Group, L.P., C/S Venture Investors, L.P., Carlyle U.S. Venture Partners, L.P., Carlyle Venture Partners, L.P., and Carlyle

ORDER - 2

1 Venture Coinvestment LLC (Carlyle Group Defendants) move for a new Rule 16 Conference and to
2 amend the Minute Order Scheduling Trial and Pretrial Dates entered on July 13, 2006.  These
3 defendants so move because they have only recently filed their initial responsive pleadings and
4 several of these Defendants did not participate in the scheduling conference or join in the submission
5 of the Joint Status Report and have had no access to the discovery record.

6 The Trustee responds stating that he does not object to a new status conference or to certain
7 limited adjustments to the scheduling order, but asks that the Court preserve the existing trial date of
8 June 4, 2007.  The Trustee contends that the Carlyle Group is composed of persons or entities that
9 were owners or insiders of PT Cable at the time $46 million was borrowed and immediately
10 disbursed as dividends, and the Carlyle entities owned approximately 71% of PT Cable and 71% of
11 this money went to the Carlyle entities.  The Trustee also contends that certain rulings in this case
12 narrowed the scope of issues, and that the remaining factual issues are relatively small in number an
13 fairly well defined.

14 The Carlyle Group Defendants (or New Defendants as they refer to themselves) reply noting
15 (1) that they were not parties to the previous litigation, *PT Cable v. Sprint*, and the Court should not
16 draw conclusions about the need for discovery and the complexity of the Trustee's claims from the
17 *Sprint* litigation, (2) that the Trustee has described a list of claims (without limitation and by way of
18 summary) that involve more complicated issues of proof and that there are several additional
19 complex factual issues not identified by the Trustee that will require significant discovery.  The
20 Carlyle Group Defendants contend that while the *Sprint* litigation may inform and help target
21 discovery in the current litigation, it does not obviate the need for discovery in this case to develop
22 their defenses against the Trustee's claims in this case.  Rule 26 mandatory disclosures have not yet
23 been made, and it is premature to make assessments as to the scope of issues in this case.  Moreover,
24 the Trustee has asserted fundamentally different claims than those raised in the prior litigation, all of
25 which raise significant issues for discovery.

26 ORDER - 3

1    Having considered the parties' arguments, the Court concludes that the prior scheduling
2 order entered July 13, 2006 [Dkt. # 106] must be stricken. Under the circumstances, with the new
3 defendants not having had an opportunity to submit information for consideration in setting the
4 pretrial and trial deadlines, that the parties must participate in producing a new Joint Status Report in
5 order that the Court may set new pretrial deadlines and address whether a new trial date is
6 appropriate.

7    NOW, THEREFORE, IT IS ORDERED:

8    1.   Motion of Intervenor Defendants Conway, Darman, Coburn, The Carlyle Group,
9         L.P., C/S Venture Investors, L.P., Carlyle U.S. Venture Partners, L.P., Carlyle
10        Venture Partners, L.P., and Carlyle Venture Coinvestment, LLC for New Rule 16
11        Conference and for Amended Scheduling Order [Dkt. # 123] is GRANTED in part;
12   2.   The Parties shall confer and file a new Joint Status Report no later than September
13        29, 2006 in order that the Court may set new pretrial deadlines and address whether a
14        new trial date is appropriate.
15   .

16   DATED this 28th day of August, 2006.

                                    FRANKLIN D. BURGESS
                                    UNITED STATES DISTRICT JUDGE

ORDER - 4