1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AT&T CORP. and Alascom, Inc., d/b/a AT&T Alascom, Inc.,

       Plaintiff,

   v.

DAVID W. WALKER, DONALD J. SCHROEDER, and TERRY A. GUNSEL,

       Defendant.

ORDER - 1

TERRENCE J. DONAHUE, Trustee for the Chapter 7 Bankruptcy Estate of PT Cable, Inc.,

Plaintiff-in-Intervention,

v.

THE CARLYLE GROUP, L.P. a.k.a. The Carlyle Group; NEPTUNE COMMUNICATIONS, LLC; C/S VENTURE INVESTORS, L.P.; CARLYLE U.S. VENTURE PARTNERS, L.P.; CARLYLE VENTURE PARTNERS, L.P.; CARLYLE VENTURE COINVESTMENT, L.L.C.; NEPTUNE GLOBAL SYSTEMS, LLC (U.S.); DAVID W. WALKER and JANE DOE WALKER; DONALD J. SCHROEDER and JANE DOE SCHROEDER; BROOKE B. COBURN and JANE DOE COBURN; TERRY A. GUNSEL and JANE DOE GUNSEL; WILLIAM E. CONWAY, JR. and JANE DOE CONWAY; RICHARD G. DARMAN and JANE DOE DARMAN; and PETER H. SORENSEN; NEW YORK LIFE INSURANCE COMPANY, a New York mutual insurance company; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, a Delaware corporation; JEFFERSON-PILOT LIFE INSURANCE COMPANY, a North Carolina corporation; JEFFERSON-PILOT FINANCIAL INSURANCE COMPANY, a Nebraska corporation; KANE REECE ASSOCIATES, INC., a New Jersey corporation; and JOHN AND JANE DOES 1-100;

Defendants-in-Intervention.

Case No. C04-5709FDB

ORDER GRANTING IN PART AND DENYING IN PART MOTION OF JANE DOE DEFENDANTS WALKER, SCHROEDER, AND GUNSEL FOR DISMISSAL and GRANTING LEAVE TO AMEND COMPLAINT IN INTERVENTION

Defendants "Jane Doe" Walker, "Jane Doe" Schroeder, and "Jane Doe" Gunsel move to dismiss the Complaint in Intervention for failure to state a claim, or, in the alternative, for Summary

ORDER - 2

Judgment. These defendants contend that David W. Walker and his wife Barbara T. Walker moved from Washington in January 2006 and are now domiciled in Florida; Donald J. Schroeder and his wife Deirdre C. Schroeder are domiciled in Florida; and Terry A. Gunsel and his wife Barbara Gunsel are domiciled in Pennsylvania. Defendants argue that while Washington's community property law allows for "community liability" for tortious conduct of one spouse in certain circumstances, such "community liability" binds only those marital communities domiciled within Washington. Defendants cite *G.W. Equip. Leasing, Inc. v. Mt. McKinley Fence Co., Inc.*, 982 P.2d 114 (Wash. Ct. App. 1999) for the proposition that the state law of the matrimonial domicile applies to determine the rights of the marital community. The Defendants argue that as to the Individuals' spouses in this case, there is no allegation that they participated in or are jointly responsible for the acts giving rise to the Trustee's claims. Under Washington law, "when the management of community property is at issue, the state with the most significant interests is typically the state where the spouses reside." *Id.* at 117. Therefore, because Florida and Pennsylvania are not community property states, *See* 23 Pa. Cons. Stat. Ann. § 3501(a); Fla. Stat. 61.075, the Trustee cannot sue the Individuals' spouses solely to ensure access to the community property.

Noting that discovery has not yet commenced, the Trustee responds consenting to the dismissal of "Jane Does" Schroeder and Gunsel <u>without prejudice</u> so long as the Court tolls the statute of limitations as to them for any claims based upon their receipt of or benefit from the proceeds of the "Illegal Dividend." The Trustee argues that it is possible that property owned by the Schroeders and/or Gunsels jointly may be answerable for any judgment against the directors individually, and that any transfers by the directors to their spouses or to "husband and wife as tenants by the entireties" may be fraudulent, citing, *e.g. U.S. v. Green*, 201 F.3d 251 (3rd Cir. 2000).

As to "Jane Doe" Walker's motion, the Trustee argues that Washington law should be applied to determine whether there exists a Walker marital community, and whether that community (or the property owned by the community) is liable for the conduct of David Walker. Washington,

ORDER - 3

Florida, and Pennsylvania all apply the "most significant relationship" test to determine what substantive law will be applied. *See, e.g., Ellis v. Barto*, 82 Wn. App. 454, 458, 918 P.2d 540 (1996)(torts).  A choice of law determination is made only if there is an actual conflict between the laws or interests of Washington and the laws or interests of another state. *Id.* 457.  Here the laws of Washington and those of Pennsylvania and Florida conflict as to the existence of a marital community, and community property, and whether monetary liability for the tortious conduct of a spouse constitutes a community debt for which community property is answerable.  The Trustee argues that under Washington law, the law of the place where a tort is committed generally controls questions in connection with the act, the responsibility for it, and the nature of a cause of action based thereon, provided no other jurisdiction has a more substantial relationship to the occurrence or the parties. *Maag v. Voykovich*, 46 Wn.2d 302, 303, 208 P.2d 680 (1955); *Ellis*, 82 Wn. App. At 458).  The Trustee points out that Washington courts follow the Restatement (Second) of Conflict of Laws § 145 (1971) and determine the "most significant relationship" to the case by considering (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. *Fields v. Legacy Health System* 413 F.3d 943, 952 (9th Cir. 2005).  Additionally, the competing policies of the states involved must be weighed against the parties' expectations. *See Potlatch Fed. Credit. Union v. Kennedy*, 76 Wn.2d 806, 810, 459 P.2d 32 (1969).

Therefore, concludes the Trustee, under the foregoing principles, it is appropriate to apply Washington law here because Washington was the principal place of business for PT Cable, the wrongdoing alleged in the Complaint occurred in Washington, the injury to PT Cable occurred in Washington, the Walkers resided in Washington at the time of the alleged wrongdoing (moving away from Washington in January 2006), and the parties' relationships (that between PT Cable and its director, David Walker, and that between the Walkers" themselves) are centered in Washington.

ORDER - 4

Florida, on the other hand, has no connection with the alleged wrongdoings or the injuries to PT Cable, and the parties' relationships are not centered in Florida, where the Walkers have resided only since January 2006. The Walkers had to have expected that the law regarding community property would control characterization of their property acquired during their marriage, and the creditors and shareholders of PT Cable have justifiable expectations regarding the applicability of Washington community property law as well.

Finally, the Trustee argues that the claim against the Walker Marital Community should not be dismissed because all property acquired during the marriage while residing in Washington is presumptively community property. RCW 26.16.030, and all debts or obligations incurred by one spouse for the arguable benefit of the marital community, are considered community obligations. *See, E.g. Brink v. Griffith*, 65 Wn.2d 253, 396 P.2d 793 (1964). Finally even if the tort is a separate tort of one spouse, creditors of the tortfeasor may reach the tortfeasor's one-half interest in community property. *See, e.g., deElche v. Jacobsen*, 95 Wn.2d 237, 622 P.2d 835 (1980). Moreover, the classification of movable property as community or separate is governed by the law of the domicile of the parties at the time of acquisition and community property retains its character even if the married couple moves to a common law state. 15A Am.Jur.2d Community Property §§ 14 and 16; *see also Seizer v. Sessions*, 132 Wn.2d 642, 651, 940 P.2d 261 (1997).

The Trustee asks that the Court grant leave to amend the Complaint to add certain allegations regarding the community property created during the time the Walkers were domiciled in Washington.

Having reviewed the parties contentions and citations to authority, the Court concludes that the Trustee makes the proper argument regarding the marital community issues in this case. The Motion as to "Jane Doe" Walker will be denied; the motion as to "Jane Doe" Schroeder and "Jane Doe" Gunsel will be granted without prejudice, but the Court will toll the statute of limitations as to them for any claims based upon their receipt of or benefit from the proceeds of the alleged "Illegal

ORDER - 5

Dividend." Additionally, the Trustee is granted leave to amend the Complaint to add allegations regarding community liability.

ACCORDINGLY, IT IS ORDERED:

(1) Motion of Jane Doe Defendants Walker, Schroeder, and Gunsel to Dismiss [Dkt. # 101] is DENIED as to "Jane Doe" Walker and GRANTED as to "Jane Doe" Schroeder and "Jane Doe" Gunsel who are DISMISSED WITHOUT PREJUDICE, and the statute of limitations as to the Trustee's claims against "Jane Doe" Schroeder and "Jane Doe" Gunsel is tolled for any claims based upon their receipt of or benefit from the proceeds of the alleged illegal dividend.

(2) The Trustee is given leave to amend the Complaint in Intervention to add allegations regarding community liability.

DATED this 29th day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 6