UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AT&T CORP. and ALASCOM, INC. d/b/a AT&T Alascom, Inc.,

    Plaintiffs,

v.

DAVID W. WALKER, DONALD J. SCHROEDER, and TERRY A. GUNSEL,

    Defendants.

TERRENCE J. DONAHUE, Trustee for Chapter 7 Bankruptcy Estate of PT cable, Inc.

    Plaintiff-in-Intervention,

v.

THE CARLYLE GROUP, L.P., a.k.a. The Carlyle Group; *et al.*

    Defendants-in-Intervention.

Case No. C04-5709FDB

ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANTS WALKER, SCHROEDER, AND GUNSEL TO DISMISS THE COMPLAINT IN INTERVENTION

    Defendants Walker, Schroeder, and Gunsel move to dismiss the Complaint in Intervention arguing failure to state a claim as to the claims under the Delaware Dividends statute, for breach of fiduciary duty, for fraudulent transfer, for aiding and abetting violation the dividend statute, and for

ORDER - 1

aiding and abetting breach of fiduciary duty. Regarding the first cause of action, Defendants argue that the Delaware dividends statute only creates liability for directors of the corporation who actively participated in the declaration of an improper dividend, and Defendants Walker and Gunsel were not alleged to be and were not directors of Neptune Pacific Holdings (NPH), which declared the dividends, and Schroeder relied on a solvency opinion by an outside professional.

Defendants argue that the second cause of action, breach of fiduciary duty is time-barred, Walker and Gunsel are not liable for NPH's Board's decisions, the Trustee fails to allege facts to overcome the business judgment rule, a claim for breach of the duty of care is barred by a provision in NPH's certificates of incorporation, and even if the Trustee were to overcome the business judgment rule, he has made no allegation that the transaction was unfair.

Defendants argue that the third cause of action, fraudulent transfer, is deficient because it is unclear whether it is directed at the Individual Defendants and also because it fails to identify the specific creditor into whose shoes the Trustee steps.

Defendants argue that the fourth cause of action, aiding and abetting violation of Delaware's dividends statute, fails to state a claim because no such cause of action exists under Delaware law; also there is no primary claim for violation of the statute and it is untimely.

Finally, Defendants argue that the fifth cause of action, aiding and abetting breach of fiduciary duty is time-barred; moreover, charges of primary and aiding and abetting cannot co-exist, and the Trustee does not allege knowing participation in a fiduciary breach.

The Trustee has responded to the motion of Walker, Schroeder, and Gunsel, and the Court makes the following rulings.

**DISCUSSION**

On a motion to dismiss, all material allegations of the complaint as well as reasonable inferences must be accepted as true, and a motion to dismiss may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief. Even if

ORDER - 2

dismissal is appropriate, leave to amend should be granted unless the pleading cannot possibly be cured by allegation of other facts. *E.g., Straight v. Approved Federal Sav. Bank*, 2005 WL 1288091 at *1(W.D. Wash. May 27, 2005, Purgess, J.) and cases therein cited. Under the Federal Rules, a complaint need only contain a short and plain statement of the relevant facts. Fed. R. Civ. P. 8(a). The particularity requirements for pleading fraud under Fed. R. Civ. P. 9(b) do not apply to claims for breach of fiduciary duty not involving specific allegations of fraud. *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1994). Even so, as to a trustee in bankruptcy pleading fraud on behalf of the bankruptcy estate and its creditors based on second-hand information, Fed. R. Civ. P. 9(b) is liberally construed. *E.g., Smith v. Arthur Andersen L.L.P.*, 175 F. Supp. 2d 1180, 1201 (D. Ariz. 2001), *aff'd*, 421 F.3d 989 (9th Cir. 2005).

The motion of the Individual Defendants is granted in part where unopposed by the Trustee and denied in part as to the other assertions in the motion as follows.

**1. Illegal Dividend**

The Individual Defendants' motion as to the First Cause of Action for Illegal Dividend will be denied. The Trustee alleges that both PT Cable and Neptune Pacific were jointly and severally borrowers in the loan transaction and that PT Cable granted to the lenders liens on virtually all of its assets. Schroeder, Walker, and Gunsel were directors of PT Cable and Schroeder was also a director of Neptune Pacific. Preservation of capital to pay creditor indebtedness before distribution is made to stockholders is a fundamental doctrine in Delaware law. *E.g. In re Buckhead America Corp*. 178 B.R. 956, 972-73 (D. Del. 1994). Thus, the substantive economic effect of a particular transaction that depletes the debtor's assets and transfers them to shareholders may be actionable as unlawful dividends. *E.g., Crowthers McCall Pattern, Inc. v. Lewis*, 129 B.R. 992, 1001 (S.D.N.Y. 1991); *Buckhead America*, 178 B.R. at 973-74. PT Cable and Neptune Pacific obtained the loan, and the proceeds were paid to Neptune Pacific for further distribution to PT Cable's ultimate owners. The proceeds of this $46.7 million loan to Neptune Pacific is actionable against PT Cable's

ORDER - 3

directors. Notwithstanding Defendants assertion that dividends may not be recovered from recipients under Delaware law, an implied cause of action under 8 Del. Code Ann. § 174 against such shareholders has been recognized. *In re Kettle Fried Chicken of America, Inc.*, 513 F.2d 807 (6th Cir. 1975); *In re Sheffield Steel Corp.*, 320 B.R. 405, 414-15 (Bankr. N.D. Okla. 2004). As for the Individual Defendants' asserted reliance on the Kane Reece Associates' solvency opinion, the Complaint in Intervention alleges that the Lenders <u>received</u> the solvency opinion, and any <u>reliance</u> by the Boards on the opinion is an affirmative defense that the Individual Defendants must prove. Moreover, the Trustee alleges that the Kane Reece opinion was based on a faulty assumption that PTC was entitled to make profits on the O&M charges to the carriers and the Trustee further alleges that Kane Reece was not a disinterested expert. Thus, the Trustee argues that any reliance was not "in good faith."

**2.  Breach of Fiduciary Duty**

The Individual Defendants' motion as to the Second Cause of Action, Breach of Fiduciary Duty, will be denied. The Trustee alleges abuse of fiduciary relationship through self-dealing, and this is a basis for equitable tolling of the statute of limitations, one of three bases for equitable tolling under Delaware law (inherently unknowable injuries, fraudulent concealment, and equitable tolling). *See, e.g., EBS Litigation LLC v. Barclays Global Investors, N.A.*, 304 F.3d 302, 305 (3rd Cir. 2002). Such allegation is adequately set forth in the Trustee's Complaint. The assertion of the Individual Defendants that the Trustee is imputed with the knowledge that they had and that there is no exception here for the officer's interest that is adverse to the corporation because dividends serve a legitimate business objective, is weak at best, in view of the Trustee's allegations.

The fiduciary duty claims are adequately stated. The Trustee alleges that Walker and Gunsel were directors of PT Cable and allowed the corporation to take on the $46.7 million in secured debt, and allowed the corporation to transfer all the proceeds upstream without receiving any benefit, and provided funds to repay the debt through improperly inflated O&M billings.

ORDER - 4

The "Business Judgment Rule" does not bar the Trustee's claims. The Trustee points out that when a corporation becomes insolvent, a fiduciary duty arises as to creditors and not merely to shareholders. *E.g., Geyer v. Ingersoll Publications Co.*, 621 A.2d 784, 787-90 (Del. Ch. 1992); *In re High Strength Steel, Inc.*, 269 B.R. 560, 569 (Bankr. Del. 2001). Contrary to the Individual Defendants' assertion, the Trustee alleges breaches of fiduciary duties of loyalty, good faith, and care. The duty of loyalty requires that officers and directors scrupulously act to protect the interests of the corporation, and to refrain from injuring the corporation and demands unselfish loyalty to the corporation, free of conflict between duty and self interest. *Guth v. Loft*, 5 A.2d 503, 510 (Del. 1939). The duty of care may redress loss from negligent or ill-advised decisions resulting from lack of good faith or rational process in decision-making. *E.g., In re Caremark Int'l. Inc. Derivative Litigation*, 698 A.2d 959, 967-70 (Del. Ch. 1996). The duty of good faith has been described by the Delaware Supreme Court as one of a "triad of primary fiduciary duties: due care, loyalty, and good faith." Lack of good faith or "bad faith," has been stated to mean a transaction that is authorized for some purpose other than a genuine attempt to advance corporate welfare or is known to constitute a violation of applicable positive law. *Gagliardi v. Trifoods Int'l., Inc.*, 683 A.2d 1049, 1051 n.2 (Del. Ch. 1996). As to these duties, the Trustee alleges that PT Cable was rendered insolvent by the dividend loans and payment of all net proceeds to upstream owners, that the Individual Defendants knew that PT Cable and Neptune Pacific had no legitimate source of income to repay the dividend loans, and that the Individual Defendants should not have allowed the companies to take on the debt. The subsequent transfer of the proceeds to the upstream owners was contrary to the interests of the corporations and their creditors. Thus, "[a]llegations of self-dealing disrupt the usual presumption that directors have acted with reasonable business judgment." *See In re Sheffield Steel Corp.*, 320 B.R. 405, 422 (Bankr. N.D. Okla. 2004)(denying dismissal of complaint alleging breach of fiduciary duty under Delaware law, where directors caused corporation to pay dividends to themselves and affiliated companies, and corporation was or became insolvent as a result of the dividends). The

ORDER - 5

Individual Defendants' assertions that the Trustee has not alleged breaches of the duties of good faith, loyalty, and care are without merit for the reasons advanced by the Trustee, and the Trustee has adequately pled the unfairness of the transactions.

### 3. Fraudulent Transfer

The Individual Defendants' assertions that the fraudulent transfer claim lacks sufficient particularity, that the Trustee has not identified the particular creditor that he represents, and that the claim is untimely lacks merit.  There is sufficient detail in the Trustee's Complaint to meet pleading standards.  The Court agrees that while there is a split of authority on the subject of the need to identify the creditor into whose shoes the Trustee steps, the better authority holds that notice pleading does not require specifically naming the Section 544(b) creditor(s).  *See In re Lexington healthcare Group, Inc.*, 339 B.R. 570, 576 (Bankr. Del. 2006).  Moreover, to survive dismissal, a complaint need not identify a particular state's uniform fraudulent transfer law.  *In re Oakwood Homes Corp.*, 340 B.R. 510, 526 (Bankr. Del. 2006).

The Trustee has determined _not_ to pursue _constructive_ fraudulent transfer claims.  The Trustee _does_ intend to pursue _actual_ intent fraudulent transfer claims.  RCW 19.40.091(a) provides as to actual intent fraudulent transfers, a cause of action is extinguished unless brought within four years after the transfer "or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant."  *Freitag v. McGhie*, 133 Wn.2d 816, 823-24, 947 P.2d 1186 (1997).

Therefore, as to the constructive fraudulent transfer claims they will be dismissed without objection from the Trustee.  As to the remaining actual intent fraudulent transfer claims, the motion of the Individual Defendants will be denied.

### 4. Aiding and Abetting an Illegal Dividend

The Trustee does not oppose dismissal of the separate claim of aiding and abetting, as it is duplicative of the claim of aiding and abetting breach of fiduciary duty.  Accordingly, that portion of

ORDER - 6

the Individual Defendants' motion to dismiss aiding and abetting an illegal dividend will be granted as unopposed.

### 5. Aiding and Abetting Breach of Fiduciary Duties

The Individual Defendants motion to dismiss the claims of aiding and abetting breach of fiduciary duties will be denied. Under the previously discussed equitable tolling principles, this claim is not time barred. The Individual Defendants' contention that there is no allegation of knowing participation in the breach is without merit as sufficient allegations are made in the Complaint at ¶¶ 3.18 and 3.34.

### CONCLUSION

Accordingly, for the foregoing reasons, the Individual Defendants' motion will be denied in all respects except as noted above regarding constructive fraudulent transfer and aiding and abetting an illegal dividend, the dismissal of which the Trustee does not oppose.

NOW, THEREFORE IT IS ORDERED: The Motion of Defendants Walker, Schroeder, and Gunsel to Dismiss the Complaint in Intervention [Dkt. # 102] is DENIED in part and GRANTED in part as set forth above.

DATED this 12th day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7