1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

13

14

AT&T CORP. and ALASCOM, INC. d/b/a
AT&T Alascom, Inc.,

15

Plaintiffs,

16

v.

17

DAVID W. WALKER, DONALD J.
SCHROEDER, and TERRY A. GUNSEL,

18

Defendants.

19

TERRENCE J. DONAHUE, Trustee for
Chapter 7 Bankruptcy Estate of PT cable, Inc.

20

21

Plaintiff-in-Intervention,

22

v.

23

THE CARLYLE GROUP, L.P., a.k.a. The
Carlyle Group; *et al.*

24

Defendants-in-Intervention.

25

Case No. C04-5709FDB

ORDER GRANTING IN PART AND
DENYING IN PART MOTION OF
DEFENDANTS NEPTUNE
COMMUNICATIONS, LLC AND
NEPTUNE GLOBAL SYSTEMS, LLC
TO DISMISS THE COMPLAINT IN
INTERVENTION

26

ORDER - 1

1  Defendants Neptune Communications, LLC and Neptune Global Systems, LLC (U.S.) move

2  to dismiss the complaint in intervention, specifically as to the claims under the Delaware dividends

3  statute, the fraudulent transfer claim, the aiding and abetting a violation of the Delaware dividend

4  statute, the claim for aiding and abetting a breach of fiduciary duty, and the alter ego liability claim.

5  Each of Defendants arguments will be examined in turn.

6  **1. Unlawful Dividend (Cause of Action No. 1)**

7  Defendants Neptune Communications, LLC (NCLLC) and Neptune Global Systems, LLC

8  (NGS) argue that as non-directors of Neptune Pacific Holdings (NPH) they cannot be held liable

9  under the Delaware dividend statute which specifically exempts any "director who may have been

10  absent when the [distribution was declared] or who may have dissented form the actor resolution by

11  which the [distribution was declared]... ."  Del. Code tit. 8, § 174(a).  Defendants also argue that

12  they also are not liable as recipients of NPH's dividend payments.

13  The Trustee responds that he does not seek to impose "director liability as to the unlawful

14  dividends on NCLLC or NGS, but the Trustee argues that numerous cases have recognized an

15  implied cause of action under 8 Del. Code. Ann. § 174 against such shareholders.  *See, e.g., In re*

16  *Kettle Fried Chicken of America, Inc.*, 513 F.2d 807 (6th Cir. 1975); *In re Sheffield Steel Corp.*, 320

17  B.R. 405, 414-15 (Bankr. N.D. Okla. 2004).

18  The Court agrees with the Trustee and will deny the motion as to this claim.

19  **2.  Fraudulent Transfer (Cause of Action No. 3)**

20  Defendants move for dismissal of the fraudulent transfer cause of action because it cannot be

21  determined whether the Trustee seeks to hold NCLLC and NGS liable on this claim and because the

22  Trustee fails to sufficiently allege the basis for his standing by not alleging the identify of the

23  unsecured creditor whose rights he is asserting nor identifying the specific state statute supporting

24  this claim. Defendants also argue that this claim is time-barred.

25

26  ORDER - 2

1    The Trustee argues, and the Court agrees that he has sufficiently detailed the "who, what

2    when, where, and how" of the loan and dividend transactions at issue.  As to the identity of the

3    creditor into whose shoes the Trustee steps, the Court agrees with the Trustee that the better

4    authority hold that notice pleading does not require specifically naming the § 544(b) creditor(s).  *See*

5    *In re Lexington Healthcare Group, Inc.*, 339 B.R. 570, 576 (Bankr. Del. 2006).  The Court also

6    agrees with the Trustee that he need not specify the particular state's statute under which the

7    transactions are fraudulent transfers.  *Ghebreselassie v. Coleman Security Service*, 829 F.2d 892,

8    895 (9th Cir. 1987), *cert. denied*, 487 U.S. 1234 (1988).

9    The Trustee does not oppose dismissal of the constructive fraudulent transfer claims.

10    As to the actual intent fraudulent transfer claim, notwithstanding the Defendants contentions

11    that the lender creditors were aware of the dividends when they were distributed in 1999 and that the

12    carrier creditors learned of the notes and dividends in discovery in March 2003,  the Trustee does

13    oppose dismissal.  The actual intent fraudulent transfer claim is not time-barred, as the Trustee has

14    pled the existence of an unsecured creditor with standing to pursue this claim.  The motion to dismiss

15    on this basis will be denied.

16    **3.  Aiding and Abetting An Illegal Dividend (Cause of Action No. 4)**

17    The Trustee does not oppose dismissal of this claim, and Defendant's motion will, therefore,

18    be granted as to this claim.

19    **4.  Aiding and Abetting Breach of Fiduciary Duty (Cause of Action No. 5)**

20    Defendants argue for dismissal of this claim as untimely under Delaware's three-year statute

21    of limitations, as the claim had to have been filed no later than June 2002 (for the $43 million

22    dividend) or December 2002 (for the $1.25 million dividend).  Also, Defendants argue that both

23    primary and aiding and abetting for the same fiduciary breach and one cannot aid or abet oneself, that

24    there is no allegation of knowing participation, and since there is no primary claim for aiding and

25    abetting and there can be no aiding and abetting.

26    ORDER - 3

The Trustee responds that he has alleged an abuse of fiduciary relationship through actionable self dealing and also alleges concealment of the Defendants' activities such that creditors did not learn of facts surrounding the loan and dividend transactions at any time prior to the bankruptcy petition.  Thus, as there are three forms of equitable tolling of the statute of limitations:  (1) the doctrine of inherently unknowable injuries; (2) the doctrine of fraudulent concealment; and (3) the doctrine of equitable tolling, and the allegations may support one or more of these bases, the cause of action should not be dismissed.

Also, the Trustee state that he has pled only aiding-and-abetting liability against NCLLC and NGS, not primary liability for breach of fiduciary duty.

The Court agrees with the Trustee and will deny dismissal of this claim.  The Court also notes that a primary breach of fiduciary duty claim is sufficiently stated in the Trustee's Complaint at Cause of Action No. 2.  Defendants' argument imputing the directors' knowledge to PTC is not compelling under the circumstances alleged, and the Trustee has sufficiently alleged knowing participation to avoid dismissal.

**5.  Alter Ego Claim**

Defendants argue for dismissal of this claim arguing that the exceptional circumstances for disregarding the corporate form have not been alleged and that the claim is purely speculative.

The Trustee counters that the assertion that the Defendants asserted domination and control over the predecessor to the debtor, which domination and control was used to cause the debtor to make transfers for the benefit of the controlling parties an detriment of the debtor adequately states an alter ego theory of liability for Rule 12(b)(6) pleading purposes.  *See In re Buckhead America Corp.*, 178 B.R. 956, 974-75 (D. Del. 1994).

There are sufficient recitations in the Complaint as a whole to support the Alter Ego Claim, and this cause of action will not be dismissed.

ORDER - 4

1     NOW, THEREFORE, IT IS ORDERED: Other than the claims for aiding and abetting illegal

2  dividend and for constructive fraudulent transfer, which are unopposed by the Trustee and are,

3  therefore, GRANTED,  the Motion of Defendants Neptune Communications, LLC and Neptune

4  Global Systems, LLC to Dismiss the Complaint in Intervention [Dkt. # 103] is DENIED.

5

6     DATED this 17th day of October, 2006.

7

8                               FRANKLIN D. BURGESS

9                               UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER - 5